**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **SHAWN SAMPSON,** | CASE NO. 1:26-cv-01632 |
| Plaintiff, | JUDGE CHARLES E. FLEMING |
| v. | |
| **STATE OF OHIO,** | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

Pro se Plaintiff Shawn Sampson filed an *in forma pauperis* complaint against the State of Ohio. (ECF No. 1). His brief, hand-written complaint, however, does not set forth cogent factual allegations or legal claims. Instead, he states that he needs "help," and that his civil rights were violated, in connection with an unspecified

> Problem . . . with [his] life in [his] Family in [his] friends life to in [his] public life to in [his] God of God life to in [his] Royal life to in [his] King of King life to in [his] Jesus Christ Life to [and] in [his] body life to.

(*Id.* at 1). The relief he seeks is also unclear, but he appears to seek damages.

Although the standard of review for pro se pleadings is liberal, the generous construction afforded pro se plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Pro se plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Title 28 U.S.C. § 1915(e)(2)(B) requires federal courts to screen all *in forma pauperis* complaints and dismiss before service any complaint the court determines is "frivolous or malicious", "fails to state a claim on which relief may be granted", or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To state a claim on

which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) applies to dismissals under § 1915(e)(2)(B)(ii) because that statute tracks the language in Fed. R. Civ. P. 12(b)(6)). Although detailed factual allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Applying that standard here, Plaintiff's complaint warrants dismissal under § 1915(e)(2)(B)(ii). The complaint reads more like a letter than a legal pleading, seeking help on behalf of himself and his friends with an unidentified problem. (ECF No. 1). There are no legal claims for relief, nor allegations from which the Court can glean the complaint's purpose. The complaint thus fails to meet basic pleading requirements or suggest that Plaintiff has any plausible federal claim against the State of Ohio upon which the Court can grant relief. *See Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (bolstering the Sixth Circuit's precedents that hold, "in the context of a civil rights claim, . . . conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim" upon which relief can be granted).

Even if the Court found a way to construe the complaint to include legal claims, dismissal is nonetheless appropriate. The State of Ohio is immune from civil rights suits for money damages in federal court under the Eleventh Amendment. *Boler v. Earley*, 865 F.3d 391, 409–10 (6th Cir. 2017) (citing *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005).

Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**. For the foregoing reasons, his complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith.

**IT IS SO ORDERED.**

**Date: September 24, 2026**

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**